# In the United States District Court for the Southern District of Georgia Brunswick Division

```
UNITED STATES OF AMERICA,    )
                             )
v.                           )    CR 2:10-063
                             )
DEVIN MARK LETONA,           )
                             )
     Defendant.              )
```

## ORDER

Before the Court is Defendant Devin Letona's motion for early termination of supervised release. Dkt. No. 86. For the reasons below, Defendant's motion is **DENIED**.

## BACKGROUND

Pursuant to a written plea agreement, dkt. no. 54, Defendant pleaded guilty to Count 3 of the Indictment, that is, possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). Dkt. No. 76. On August 30, 2011, the Court sentenced Defendant to 102 months' imprisonment, followed by ten years of supervised release. Id. The Court further ordered special conditions of supervision, as well as a $100 special assessment. Id.

On or about February 16, 2018, Defendant was released from Bureau of Prisons' custody and commenced his term of

supervision. He now moves for early termination of same. Dkt. No. 86.

In his motion, Defendant argues he has accepted full responsibility for his conduct. Id. at 5. He enrolled in counseling upon his release from prison, and he attends sexual offender outpatient treatment. Id. at 5. He has maintained stable employment and has a longtime girlfriend whom he wishes to marry. Id. at 4, 5-6. Defendant is currently pursuing a Bachelor's degree in engineering and is excelling academically. Id. at 3-4. Defendant also states that during his incarceration he was an "orderly" inmate and he participated in numerous educational and vocational programs. Id. at 1. Defendant requests his supervision be terminated because it limits his time with his family as well as his professional advancement, particularly with regard to travel. Id. at 2, 4, 6. He has served almost six years of his ten-year term of supervised release.

Defendant's term of supervision has not been without incident, however. During approved travel, Defendant was found to have an unauthorized incognito browser on his approved cell phone. He also admitted to unauthorized, innocuous searches and acknowledged his wrongful conduct but stated he had become complacent towards supervision conditions.

Under 18 U.S.C. § 3583(e)(1), a "court may, after

2

considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and in the interests of justice."

While the Court commends Defendant for his efforts while under supervision, the Court must carefully weigh a favorable adjustment to Defendant's supervision against his offense of conviction. After consideration of his offense, supervision violations, and the § 3553 factors, the Court **DENIES** Defendant's motion. Dkt. No. 86.

**SO ORDERED** this 16 day of January, 2024.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA